UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-04549-BRO (RAO)** | Date | August 22, 2016 |
|---|---|---|---|
| Title | **REYES NUNEZ V. DEAN FOODS VEGETABLE COMPANY ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Anel Huerta | Not Present | N/A |
| Relief Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS)

# ORDER DENYING PLAINTIFF'S MOTION TO REMAND

## I. INTRODUCTION

Pending before the Court is Plaintiff Reyes Nuñez's ("Plaintiff") Motion to Remand. (Dkt. No. 8 (hereinafter, "Mot.").) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

This lawsuit involves an employment dispute arising from Defendants' Dean Foods Company ("Dean Foods"), a Corporation, and Altadena Certified Dairy, LLC ("Altadena"), (collectively, "Defendants") alleged wrongful termination of Plaintiff. (*See* Dkt. No. 1 (hereinafter, "Removal"), Ex. 1 (hereinafter, "Compl.").)

Plaintiff is, and at all relevant times was, a California resident. (Compl. ¶ 1.) Defendant Altadena is, and at all relevant times was, a privately held limited liability company. (*See* Dkt. No. 1-3.) Defendant's sole member, Dean West II, LLC, is a limited liability company. (*See* Removal.) Dean West II's sole member, Dean Dairy Holdings, LLC, is a limited liability company. (*See* Removal.) Dean Dairy Holdings, LLC's sole member, Dean Holding Company, is a corporation organized under the laws of the State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-04549-BRO (RAO) | Date | August 22, 2016 |
|---|---|---|---|
| Title | REYES NUNEZ V. DEAN FOODS VEGETABLE COMPANY ET AL. | | |

of Wisconsin. (See Removal.) Dean Holding Company maintains its principal place of business in the State of Texas. *Id.*

Plaintiff, a male who is approximately fifty-five years old, began working for Defendants in 1988. (Compl. ¶ 12.) Plaintiff alleges that he suffered cumulative work-injuries that resulted in physical limitations of an orthopedic nature. (Compl. ¶ 14.) Plaintiff avers that Defendants discriminated against Plaintiff due to his known and/or perceived disabilities, his need for reasonable accommodations, his requests for reasonable accommodations, and his age. (Compl. ¶ 9.) Further, Plaintiff maintains that Defendants refused to offer accommodations, and threatened termination to intimidate Plaintiff and deter him from seeking workers' compensation medical benefits or treatment. (Compl. ¶ 21.) According to Plaintiff, on April 4, 2014, Defendants informed Plaintiff that his employment was terminated due to a reduction in staff, without offering an alternative position to Plaintiff. (Compl. ¶ 25.)

### B. Procedural History

Plaintiff initiated this action on April 1, 2016, in the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court"). (*See generally* Compl.) Plaintiff alleges the following nine causes of action against Defendants: (1) discrimination based on actual or perceived disability; (2) failure to make reasonable accommodation; (3) failure to engage in a timely, good faith, interactive process; (4) retaliation for employee's opposition to practices forbidden by law and for employee's request for reasonable accommodation; (5) discrimination based on age; (6) failure to take reasonable steps to prevent discrimination and harassment; (7) wrongful discharge; (8) intentional infliction of emotional distress ("IIED"); and, (9) unfair business practices. (Compl. ¶¶ 27–73.)

On June 23, 2016, Defendants removed the action to this Court, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Removal at 2–7.) On July 22, 2016, Plaintiff filed the instant Motion to Remand. (*See* Dkt. No. 8.) On August 1, 2016, Defendants timely filed an opposition. (See Dkt. No. 11 (hereinafter, "Opp'n").) On August 8, 2016, Plaintiff timely replied to Defendants' Opposition. (*See* Dkt. No. 12 (hereinafter, "Reply").)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-04549-BRO (RAO) | Date | August 22, 2016 |
|---|---|---|---|
| Title | REYES NUNEZ V. DEAN FOODS VEGETABLE COMPANY ET AL. | | |

### III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.*

### IV. DISCUSSION

Plaintiff seeks to have the instant case remanded to state court. Plaintiff provides two principal arguments as to why the Court should remand this case: (1) Defendant failed to establish that complete diversity of citizenship exists; (2) Defendant failed to establish that the amount in controversy in this case exceeds $75,000. (*See* Mot. at 1–2.) As explained below, the Court finds that the Plaintiff alone is domiciled in California; thus, complete diversity exists. Further, the Court finds that Defendant's approximation of the amount in controversy accords with Ninth Circuit precedent and the damages sought by Plaintiff; thus, the amount in controversy requirement is met. As a result, the Court finds that the Defendant has met its burden of rebutting the presumption against removal and that the Court has subject matter jurisdiction over the dispute. Thus, the Court finds remand inappropriate.

Case 2:16-cv-04549-BRO-RAO Document 14 Filed 08/22/16 Page 4 of 7 Page ID #:192

LINK: [8]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-04549-BRO (RAO) | Date | August 22, 2016 |
|---|---|---|---|
| Title | REYES NUNEZ V. DEAN FOODS VEGETABLE COMPANY ET AL. | | |

### A. Complete Diversity Exists Between the Parties

First, Plaintiff claims that Defendants have failed to establish Plaintiff's California citizenship for diversity jurisdiction purposes because "the only support for Defendant's allegation of Plaintiff's citizenship is an allegation, upon information and belief, of residence [in the Complaint] and because residence is not the same as citizenship." (Mot. at 7.) Plaintiff's argument is unavailing. A defendant who seeks removal must file a notice of removal "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. §1446(a). However, "[n]othing in the statute requires a removing defendant to submit evidence in support of its jurisdictional allegations." *Silva v. Wells Fargo Bank NA*, No. CV 11–3200 GAF JCGX, 2011 WL 2437514, at *3 (C.D. Cal. June 16, 2011).

Moreover, a natural person's state citizenship is determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *See, e.g.*, *Weible v. United States*, 244 F.2d 158, 163 (9th Cir.1957). However, in his Motion, Plaintiff concedes that he has resided and been employed in California for no less than 25 years. (Compl. ¶¶ 2, 3, 12, 25.) "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 625 (2009) (citing Lew, 797 F.2d at 750). Plaintiff's lengthy residence and employment in California are sufficient evidence of the Plaintiff's intent to remain in California. Therefore, the Court finds that Plaintiff's California citizenship is established for diversity jurisdiction purposes.

Second, Plaintiff alleges that Defendants are citizens of the State of California, (Compl. ¶¶ 2–3); though Defendants operated within the State of California, this does not equate with citizenship. The citizenship of a limited liability company is the citizenship of the company's members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of any state in which the corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-04549-BRO (RAO) | Date | August 22, 2016 |
|---|---|---|---|
| Title | REYES NUNEZ V. DEAN FOODS VEGETABLE COMPANY ET AL. | | |

is incorporated, and the one state in which it maintains its principal place of business. 28 U.S.C. §1332(c)(1). A corporation's principal place of business is the state in which the corporation maintains its headquarters; the nerve center from which the corporation is actually directed, controlled, and coordinated. *Hertz v. Friend*, 559 U.S. 77, 93 (2010).

Defendant Altadena is a privately held limited liability company formed under the laws of the state of Delaware. (*See* Dkt. No. 1-3.) Defendant's sole member, Dean West II, LLC, is a limited liability company formed under the laws of Delaware. (*See* Removal). Dean West II's sole member, Dean Dairy Holdings, LLC, is a limited liability company formed under the laws of Delaware. (*See* Removal.) Dean Dairy Holdings, LLC's sole member, Dean Holding Company, is a corporation organized under the laws of the State of Wisconsin. (*See* Removal.) Dean Holding Company maintains its principal place of business in the State of Texas: its officers work and reside in the Dallas, Texas area, and its business affairs are principally directed from that location. *Id.* Defendant's chain of membership shows that Defendant is a citizen of Wisconsin, the state of Dean Holding Company's incorporation, and Texas, the state of Dean Holding Company's principal place of business.

Defendant Dean Foods was acquired by Agrilink Foods, Inc. ("Agrilink") in 1998, and, for purposes of citizenship, takes on the citizenship of the surviving entity into which it was merged. *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 671-72 (9th Cir. 1985). Agrilink is a New York Corporation, and its principal place of business is in Rochester, New York. (*See* Removal.) Thus, Dean Foods is a citizen of New York.

Thus, all Defendants are diverse from Plaintiff for purposes of citizenship. As a result, Plaintiff's allegation that Defendants have failed to establish complete diversity of citizenship must fail.

### B.     Amount in Controversy

When a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the applicable standard is by a preponderance of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-04549-BRO (RAO) | Date | August 22, 2016 |
|---|---|---|---|
| Title | REYES NUNEZ V. DEAN FOODS VEGETABLE COMPANY ET AL. | | |

evidence. *Id.* This requires that the defendant offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Section 1332(a)'s amount-in-controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees. *Guglielmino*, 506 F.3d at 700. In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Here, the amount in controversy is unclear from the face of the Complaint. Defendants claim that the amount in controversy exceeds $75,000. (Removal at 6–7; Opp'n at 4–5.) To support this claim, Defendant Altadena shows that Plaintiff seeks economic, non-economic, exemplary, and punitive damages. (*See* Removal at 6–7.) Further, Defendant indicates that Plaintiff was a full time employee for the duration of his employment, at an hourly rate of $22.65 at the time of his termination. (*See* Removal at 7.) Based on Plaintiff's pay rate and duration of employment, Defendant approximates that the alleged lost wages, benefits, and earnings that accrued in the 116 weeks between Plaintiff's termination on April 4, 2014, and the date of removal would amount to over $135,000. (Removal at 7.) Further, Defendant estimates that attorneys' fees of 12.5% of the actual damages might accrue; Defendant claims that such fees could amount to $16,875 in the instant case. *Id*.

Plaintiff alleges that Defendant's damages calculation in reliance on *Guglielmino* was improperly based on hourly wages, missed breaks, and/or lost benefits, rather than on a theory of tort damages. (*See* Dkt. 12.) However, Plaintiff claims that the Defendant's alleged tortious acts caused Plaintiff to suffer substantial losses in earnings and job benefits, loss of wages, as well as to retain attorneys and incur legal fees, expenses, and costs. (Compl. ¶¶ 31, 37, 64.) Thus, an approximation of the damages sought by Plaintiff necessarily will include those lost wages, benefits, earnings, and legal fees resulting from Defendant's alleged violations.

Accordingly, the Court finds Defendant's calculation of the amount in controversy to be a satisfactory approximation of damages showing, more likely than not, that the amount in controversy here exceeds $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-04549-BRO (RAO) | Date | August 22, 2016 |
|---|---|---|---|
| Title | REYES NUNEZ V. DEAN FOODS VEGETABLE COMPANY ET AL. | | |

### C. Attorneys' Fees

Plaintiff seeks $5,100 in attorneys' fees incurred in bringing this Motion, based on the allegation that Defendants' removal was improper. (*See* Mot. at 9–10.) "Absent unusual circumstances," a district court may award fees pursuant to 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court holds removal was proper and an award of attorneys' fees is inappropriate. Therefore, the Court **DENIES** Plaintiff's request for attorneys' fees.

### V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to sufficiently establish grounds for remand in this case. Therefore, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

:

| | |
|---|---|
| Initials of Preparer | ah |